UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **OMAR MAJDI BADDOURAH,** § § § | |
| Plaintiff, § | Civil Case No., _____ |
| § § | |
| v. § § | |
| **THE UNIVERSITY OF TEXS AT TYLER,** § § § | |
| Defendant. § § | |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Plaintiff, Omar Majdi Baddourah, ("Plaintiff"), to file this *Plaintiff's Original Complaint* against the Defendant, The University of Texas at Tyler ("Defendant") as follows:

### A.   NATURE OF SUIT

1. At all times relevant, Plaintiff was a The University of Texas at Tyler student. While participating in Defendant's education program, Plaintiff was discriminated against.

2. Plaintiff is a student with a disability due to a mental health condition.

3. Defendant suspended Plaintiff through December 2024, due to his disability.

4. Plaintiff suffered economic damages, noneconomic damages, general damages, and special damages from the Defendant's discriminatory act of suspending him due to his disability.

1

5. Plaintiff now files this action for relief pursuant to 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794. 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities. 29 U.S.C § 794 extends the prohibition on discrimination to all activities of by State and local governments regardless of whether these entities receive federal financial assistance.

## B.  PARTIES

6. Plaintiff is an individual residing in Ohio.

7. Defendant, The University of Texas at Tyler, is a public university operating in the State of Texas.

## C.  SERVICE

8. Defendant is a public university located in Smith County, Texas, and may be served with process by serving the President, Dr. Julie V. Philley at 3900 University Blvd., Tyler, Texas 75799.

## D.  JURISDICTION and VENUE

9. The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794.

10. The jurisdiction of this Court is in accordance with 28 U.S.C. 1332 involving a controversy exceeding the sum or value of seventy-five thousand ($75,000.00) dollars and between citizens of different States.

11. Venue is proper in Smith County, Texas because Defendant's conduct

occurred in Smith County, Texas at the time of the incident. Venue is also proper in Smith County, Texas because Defendant operates in Smith County, Texas.

### E. FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was a The University of Texas at Tyler student. While participating in Defendant's education program, Plaintiff was discriminated against.

13. Plaintiff is a student with a disability due to a mental health condition.

14. In February 2024, Plaintiff suffered an episode of psychosis while on Defendant's campus. Plaintiff erroneously believed Defendant's groundskeeper was intending to harm him. Plaintiff approached the groundskeeper speaking to him in a foreign language and the groundskeeper called Defendant's police department. Plaintiff became distressed when the police arrived and resisted arrest. All criminal charges against Plaintiff have been dismissed.

15. In March 2024, Plaintiff's family had him admitted for psychiatric care on two separate occasions.

16. Plaintiff communicated with Defendant about his disability and treatment since March 2024, and continues to do so.

17. Defendant granted Plaintiff a medical withdrawal from his Spring '24 courses.

18. Defendant suspended Plaintiff for the Summer '24 and Fall '24 semesters, for the February event caused by his disability.

19. Plaintiff appealed his suspension for the Summer '24 and Fall '24 semesters.

Defendant denied his appeal.

20. Based on Plaintiff's doctor's advice and consent to return to school, Plaintiff requested to go back to school after he had completed his treatment and was discharged from the hospital.

21. Plaintiff was approved by Defendant to register online for summer school and Plaintiff was doing very well in his senior year, but upon learning that Plaintiff was receiving treatment for acute psychosis, Defendant suspended Plaintiff again until 2025. As a result, Plaintiff suffered from depression and loss of confidence which affected his self-esteem.

22. Plaintiff suffered economic damages, noneconomic damages, general damages, and special damages from the Defendant's discriminatory acts.

### F.    LEGAL AUTHORITY

### DISCRIMINATION BASED ON DISABILITY

23. Section 794 of Title 29 of the United States Code provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

24. Section 12101 and 12131 of Title 42 of the United States Code prohibit discriminatory acts by public entities against persons with disabilities.

### G.    Harm suffered by Plaintiff

25. Plaintiff suffered economic damages from the Defendant's discriminatory

4

acts.

26. Plaintiff suffered noneconomic damages, such as inconvenience and loss of enjoyment of life, from the Defendant's discriminatory acts.

27. Plaintiff suffered general damages from the Defendant's discriminatory acts.

28. Plaintiff suffered special damages of attorney's fees and legal costs from the Defendant's discriminatory acts.

29. Such discrimination by Defendant certainly resulted in Plaintiff not being able to receive and benefit from the educational opportunities offered to the other students at Defendant school.

### H.     PLAINTIFF'S CAUSES OF ACTION

30. Plaintiff incorporates by reference the facts and authorities set forth in the foregoing sections hereof.

31. Defendant's described acts and omissions as to Plaintiff were discriminatory under 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794 because he was unable to access his educational program because of his disability.

32. Plaintiff suffered economic damages, noneconomic damages, general damages, and special damages from the Defendant's discriminatory acts, for which Plaintiff now sues.

### I.     REQUEST FOR JURY

33. Plaintiff hereby requests that a jury be empaneled, and, that theforegoing causes of actions and requests for relief be presented thereto.

## J.  PRAYER FOR RELIEF

34. Wherefore, premises considered, Plaintiff prays that upon final consideration of this matter that Plaintiff have judgment against Defendant for:

   a. Economic, noneconomic, special, and general damages;

   b. Taxable expenses of litigation and costs of court; and,

   c. Post-judgment interest at the maximum lawful rate.

35. Plaintiff further prays that Plaintiff receive such other and further relief to which he may be justly entitled.

Respectfully submitted,

HOWLAND SHAKE LAW, LLP
17304 Preston Road, Suite 800
Dallas, Texas 75252
Tel: 469-371-4282
Fax: 469-574-7660

/s/George Shake
George H. Shake
State Bar No. 24077524
Federal ID 3684307
george@howlandshakelaw.com
Attorney for Plaintiff