UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00498

**Omar Majdi Baddourah,**
*Plaintiff,*

v.

**University of Texas at Tyler,**
*Defendant.*

### O R D E R

Plaintiff filed this disability discrimination action under Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA). Doc. 15. The case was referred to a magistrate judge. Doc. 3. Defendant filed a motion to dismiss. Doc. 18. The magistrate judge issued a report recommending that defendant's motion to dismiss be granted and that plaintiff's claims be dismissed without prejudice. Doc. 21 at 13. Plaintiff timely filed objections to the report. Doc. 22.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3). However, the objections "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

I. **ADA claims**

The magistrate judge recommended dismissal of plaintiff's ADA claims because plaintiff failed to state a plausible claim under Title II, a prerequisite to waiver of sovereign immunity. Doc.

21 at 10–12; *see Block v. Tex. Bd. of Law Exam'rs*, 952 F.3d 613, 617–18 (5th Cir. 2020). Specifically, the magistrate judge found that plaintiff failed to plausibly allege facts supporting any of the elements of a disability discrimination claim. *Id.* at 7.

In his objections, plaintiff fails to meaningfully respond to the magistrate judge's findings on this issue. Rather than point out any specific legal or factual error, plaintiff's objections merely quote large portions of the report and reargue issues already addressed by the magistrate judge. Thus, plaintiff failed to make the proper objections that would entitle him to de novo review.

But even if plaintiff's objections were proper in form, they still fail in substance. The court follows a three-part test in determining whether Title II validly abrogates a state's sovereign immunity. *See United States v. Georgia*, 546 U.S. 151, 159 (2006). However, to even reach parts two and three of the test, the court must first determine that plaintiff stated a plausible claim under Title II. *Block*, 952 F.3d at 617–18.

Here, plaintiff's discrimination claim fails because plaintiff did not adequately allege that any mistreatment by defendant was because of his disability. As to his criminal charges, plaintiff admits that he was arrested, detained, and charged because he resisted arrest. Doc. 15 at 3. Plaintiff failed to even allege that defendants were aware of his disability when those events took place. As to his first suspension from school, plaintiff admits that he was suspended because of his arrest, not his disability. *Id.* at 3–4.

As to his second suspension, plaintiff alleges that he was suspended after defendant learned that plaintiff was being treated for acute psychosis. *Id.* at 4. However, that allegation fails because it is inconsistent with plaintiff's prior allegations. Specifically, plaintiff alleges that defendant was already aware that plaintiff was receiving treatment for acute psychosis and that defendant approved his registration for summer school based on the consent of plaintiff's doctor. *Id.* at 3–4. It cannot be easily inferred that defendant would allow plaintiff to register for summer school,

with full knowledge of his acute psychosis and treatment, and then suspend him *again* because defendant was "informed" about plaintiff's acute psychosis and treatment. As such, plaintiff failed to plead a necessary element of his Title II discrimination claim. *See Block*, 952 F.3d at 618 (stating the elements of a discrimination claim).[1]

Similarly, plaintiff's failure-to-accommodate claim fails because plaintiff's complaint does not state what accommodation plaintiff supposedly requested. Nor does plaintiff allege how defendant denied any such request.

Thus, the court accepts the magistrate judge's finding that plaintiff failed to adequately plead his Title II claims and that his claims are therefore barred by sovereign immunity.

**II. RA claim**

The magistrate judge recommended dismissal of plaintiff's RA claim because plaintiff did not allege that defendant receives federal funds, a prerequisite to waiver of sovereign immunity. Doc. 21 at 13; *see Block*, 952 F.3d at 619 (stating that a plaintiff "must allege that the specific program or activity with which he . . . was involved receives or directly benefits from federal financial assistance.").

In his objections, plaintiff admits that he did not allege that defendant receives federal funds. Doc. 22 at 10–11. However, plaintiff asks the court to either grant leave to amend or to infer that defendant receives federal funds merely because plaintiff "references the prohibition of discrimination by recipients of Federal financial assistance multiple times in his First Amended Complaint." *Id.*

The court is not required to infer allegations on plaintiff's behalf and declines to do so here. *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) ("The court is not required to conjure up

---

[1] Because the report did not err in its finding on the third element of plaintiff's disability-discrimination claim, the court does not reach the report's analysis of the first two elements.

unpled allegations or construe elaborately arcane scripts to save a complaint.") (cleaned up).

Furthermore, because plaintiff has failed to plausibly allege a disability-discrimination claim under the ADA, which largely mirrors the elements of a claim under the RA, granting plaintiff leave to amend would be futile. *See Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) ("Evaluating a claim under the Rehabilitation Act is substantially the same as under the ADA.") (cleaned up); *see also Francois v. Our Lady of the Lake Hosp., Inc.*, 8 F.4th 370, 378 (5th Cir. 2021). Thus, the court accepts the magistrate judge's recommendation to dismiss plaintiff's RA claim.

### III. Conclusion

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court accepts its findings and recommendations. Plaintiff's objections are overruled. The court partially grants defendant's motion to dismiss (Doc. 18) and dismisses this action without prejudice.[2] Any pending motions are denied as moot.

*So ordered by the court on September 24, 2025.*

J. CAMPBELL BARKER
United States District Judge

---

[2] Defendant has requested a dismissal with prejudice. However, a dismissal for jurisdictional issues mandates that the dismissal be without prejudice. *N. Collin Special Util. Dist. v. City of Princeton*, 696 F. Supp. 3d 254, 260 (E.D. Tex. 2023). As such, defendant's motion to dismiss is granted only in part.